## F. M. Rosamond v. The State.

**Murder — Instructions — Presumption of Malice.**

In a prosecution for murder in which it appears that the fatal shot was fired by defendant with a shotgun, it is error to instruct the jury for the State that the presumption of malice arising from the use of a deadly weapon must prevail, unless from other evidence it is shown to the satisfaction of the jury that the killing was not malicious.[1]

**Erroneous Instructions — Prejudice.**

An instruction for the State which is erroneous, when taken alone, will not cause a reversal when the instructions given for defendant give him the benefit of the principles of law he is entitled to.[2]

Appellant, Rosamond, was tried and convicted of the murder of James Stephens; he was sentenced to the penitentiary for life, and appeals. The evidence showed that deceased was shot with a shotgun and killed. Defendant admitted that he killed deceased, but claimed it was done in self-defense.

The fourth instruction for the State was as follows:

" If the jury believe from the evidence that F. M. Rosamond, on or about the 21st day of July, 1883, with a shotgun that

[1]

All persons are presumed to be absolutely innocent of a crime charged against them, in its entirety, and in all its material parts, until the jury finds to the contrary on proper instructions, based on competent and relevant testimony. Cook v. State, 85 Miss. 738.

On the trial of an indictment for murder it was charged to the jury " that every homicide is presumed to be committed with malice aforethought, etc., and it devolves on the prisoner to prove the circumstances which excuse the act." It was held that the charge was too broad and unrestricted, and it ought to have contained these additional words, " unless they arise out of the evidence produced against him." McDaniel v. State, 8 S. & M. 401; Green v. State, 28 Miss. 687; Hague v. State, 34 Miss. 616; Head v. State, 44 Miss. 731.

Presumption of a malicious intent may arise from the nature of the weapon used. Woodside v. State, 2 How. 656; McDaniel v. State, 8 S. & M. 401.

The statute does not alter the common law so as to limit murder to killing with express malice. The words " premeditated design," in the old statute, meant the same as " malice aforethought," in the common-law definition. McDaniel v. State, 8 S. & M. 401.

Where one is accused of murder, the law presumes him to be innocent until the contrary is made to appear; but if it be shown that he killed the deceased with a deadly weapon, the general presumption of innocence yields

Statement of the Case.

was a deadly weapon, shot deceased, Stephens, and thereby killed him, then the use of such deadly weapon is *prima facie* evidence of malice and an intention to murder and before this presumption is overcome it must be shown or arise out of the evidence in the case to the satisfaction of the jury that at that time the defendant was in immediate, real, or apparent danger of his life, or some great bodily harm from the deceased, and such danger must have been urgent, present, and imminent at the time of the killing."

Defendant's motion for a new trial was overruled, and he appeals.

APPEALED from Circuit Court, Montgomery county, C. H. CAMPBELL, Judge.

Affirmed, May 18, 1885.

*Attorneys for appellant, W. S. Hill and R. F. Halloway.*

*Attorneys for appellee, J. L. Harris and T. S. Ford.*

to the specific proof, and the law infers that the killing, if unexplained, was malicious and, therefore, murder; but if the attendant circumstances be shown in evidence by the State or the accused, the character of the killing is to be determined by considering them. McDaniel *v.* State, 8 S. & M. 401; Green *v.* State, 28 Miss. 687; Mask *v.* State, 36 Miss. 77. (Head *v.* State, 44 Miss. 731, and Evans *v.* State, 44 Miss. 762, are in part disapproved.) Hawthorn *v.* State, 58 Miss. 778; Bishop *v.* State, 62 Miss. 289.

It is not true to say that the use of a deadly weapon imposes the burden of overcoming the presumption by evidence "to the satisfaction of the jury." Hawthorn *v.* State, 58 Miss. 778; Bishop *v.* State, 62 Miss. 289; Ingram *v.* State, 62 Miss. 142; Lamar *v.* State, 63 Miss. 265.

Although the law presumes malice from the deliberate use of a deadly weapon, this presumption should not determine the verdict in cases where there is a full disclosure of all the facts and circumstances surrounding the killing, but it should be considered simply as a part of the whole case. Lamar *v.* State, 63 Miss. 265.

It is error to instruct for the State that the use of a deadly weapon raises a presumption of malice which can only be overcome by the evidence to the satisfaction of the jury. It is sufficient if all the evidence leaves the question of his guilt in reasonable doubt. Hawthorn *v.* State, 58 Miss. 778; Ingram *v.* State, 62 Miss. 142; Dawson *v.* State, 62 Miss. 241; Bishop *v.* State, 62 Miss. 289.

2

An instruction erroneous when viewed alone will not necessitate a reversal if there are liberal instructions for defendant in which all the law applicable was properly announced. Bishop *v.* State, 62 Miss. 289.

Brief of J. L. Harris:

This cause must be affirmed because the bill of exceptions, or what purports to be a bill, was not signed within the time prescribed by law.

The case should be dismissed because the transcript was not filed within the time prescribed by law.

Brief of T. S. Ford:

The first exception taken was to the ruling of the court refusing a continuance on the ground of the absence of Mrs. Stephens. In view of the fact that the witness was not in the State and one continuance had already been granted to procure her attendance, the action of the court was manifestly correct. The second exception was frivolous.

The motion to quash the return of the sheriff because all the jurors were not summoned appears to have been properly denied. The sheriff appears to have found forty-five out of the fifty persons named in the venire facias. No evidence was offered to show that

---

A verdict manifestly right will not be disturbed because of erroneous instructions. Wilson v. Kolheim, 46 Miss. 346; Storm v. Green, 51 Miss. 103; Vance v. State, 62 Miss. 137.

This court is loath to reverse a case because of error in the instructions, unless it be manifest that prejudice has been done the accused. Pollard v. State, 53 Miss. 410.

Erroneous instruction will not necessitate a reversal if all the instructions considered as a whole correctly announce the law. Skates v. State, 64 Miss. 644; Nelson v. State, 61 Miss. 212.

All the charges must be construed together, both in civil and criminal cases; and if when so construed the law be correctly expounded, the judgment will not be reversed because one instruction taken by itself was too broad. Mask v. State, 36 Miss. 77; Evans v. State, 44 Miss. 762.

The giving of a bad instruction is no ground for setting aside a verdict, where it is clearly right on the law and the facts. Wiggins v. McGimpsey, 13 S. & M. 532; Head v. State, 44 Miss. 731; Evans v. State, 44 Miss. 762; Hanks v. Neal, 44 Miss. 212; M. & C. R. R. Co. v. Whitfield, 44 Miss. 466.

If an erroneous instruction be given on a material point, judgment rendered will be reversed unless it manifestly appear from the whole record that no prejudice was done to the complainant and that the judgment was clearly correct. Josephine v. State, 39 Miss. 613.

It is not error to refuse an instruction the substance of which has already been given in another instruction. Schrader v. State, 84 Miss. 593.

the five other persons were, in fact, to be found. The refusal of the court to award an alias venire facias was not error.

Defendant objected to going into trial on the ground that he had been served with a copy of the venire facias containing the name of Granison Crockett whereas, in the original venire, it appeared as Granison K. Crockett. The record shows that the venire facias recited the name of Granison Crockett, and in point of fact, the defendant was mistaken. Besides the record shows that Granison Crockett was not on the jury impaneled to try the cause, and does not show that the defendant was compelled to challenge him.

The ninth and twelfth instructions propounded by defendant were properly refused. The ninth was abstract, and besides incorrect, and the twelfth only a repetition of what had already been several times given in substance, and besides was faulty in not defining in itself what was a legal excuse or justification for taking life.

The instructions given for the State which are complained of in the motion for a new trial have most of them been many times approved by this court. The fourth is a copy *mutatis mutandis* of the instruction approved in Guico *v.* The State, 60 Miss. 716. The others do not require comment.

It is respectfully submitted that the verdict of the jury was fully supported by the evidence, and that the jury being very elaborately and correctly instructed as to the law of the case, this verdict ought not to be disturbed.

Brief for appellant not found in record.

Opinion.—Cooper, C. J.:

The fourth instruction given for the State is subject to the criticism that by it the jury is told that presumption of malice arising from the use of a deadly weapon must prevail, unless from other evidence it is shown to the satisfaction of the jury that the killing was not malicious. A defendant is entitled to an acquittal if, on all the testimony, the jury has a reasonable doubt of the malice requisite to constitute murder. It is not true that on the evidence the jury must be satisfied that malice does not exist; it is its duty under the law to acquire if it is not satisfied that it does exist. The very liberal instructions, however, given for the defendant undoubtedly called the attention of the jury to the fact that the real

meaning of the instruction as granted was that, in the absence of other evidence negativing the malice presumed from the use of a deadly weapon, the presumption was sufficient to warrant a conviction.

The judgment is *affirmed*.